UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON KLEIN, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>AMERICAN SCIENCE AND ENGINEERING, INC., CHARLES P. DOUGHERTY, HAMILTON W. HELMER, DON R. KANIA, JOHN SANDERS, ROBERT N. SHADDOCK, MARK S. THOMPSON, and JENNIFER VOGEL,<br><br>          Defendants. | Case No. 16-11542<br><br><u>CLASS ACTION COMPLAINT</u> |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER REGARDING THE SEALING OF COURT RECORDS

Through their counsel of record, defendants American Science and Engineering, Inc., Charles P. Dougherty, Hamilton W. Helmer, Don R. Kania, John Sanders, Robert N. Shaddock, Mark S. Thompson, and Jennifer Vogel (collectively, "Defendants"), on the one hand, and plaintiff Sharon Klein ("Plaintiff"), on the other hand (collectively, the "Parties"), hereby stipulate, pursuant to Fed. R. Civ. P. 26(c), as follows:

1.    This Stipulated Confidentiality Agreement and Protective Order ("Order") shall govern all documents or things produced in discovery, deposition testimony, exhibits and transcripts, written discovery requests and responses, and any other information or material produced, given or exchanged in the action captioned above ("Discovery Materials"), including any other information contained therein or derived therefrom, and the designation and handling

of Discovery Materials containing confidential, proprietary and/or private information produced in this action by any Party or non-Party.

2.  Any Party or non-Party person or entity producing Discovery Materials (the "Producing Party") may designate as "Confidential" those portions of Discovery Materials that contain or disclose confidential or proprietary information, information protected by the right to privacy, trade secrets, nonpublic inside information, private individual financial information, commercially sensitive information, personnel files or any other sensitive or proprietary information that has not been made public or otherwise disclosed to third parties ("Confidential Information").  Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if such party in good faith reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 8 of this Order is substantially likely to cause injury to the Producing Party ("Highly Confidential Information").  By designating Discovery Materials as containing Confidential or Highly Confidential Information, the Producing Party is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

3.  A Producing Party shall designate documents containing Confidential or Highly Confidential Information by marking a designated document, and all relevant pages of a designated document, with the word(s) "confidential" or "highly confidential" in a location that makes the designation readily apparent.

4.  A Party shall designate deposition testimony containing Confidential or Highly Confidential Information by, within thirty (30) days after receipt of the written deposition transcript, identifying the portions of the deposition testimony and exhibits to the deposition transcript which are confidential.  Until that time, all deposition testimony, as well as the exhibits

to the deposition transcript, shall be treated as confidential. A Party may also designate deposition testimony and exhibits as confidential at the time of deposition, and may instruct the deposition officer to mark deposition transcripts and exhibits as "confidential" either at the time of the deposition or at any time prior to receiving the written deposition transcript.

5. A Producing Party shall designate electronic media containing Confidential or Highly Confidential Information, including but not limited to DVDs, CDs, flash drives, disks, hard-drives, video-recordings, etc., by, where practical, marking the media as "confidential" or "highly confidential."

6. A Producing Party shall designate materials or things that have not been reduced to documentary or electronic form as containing Confidential or Highly Confidential Information by informing counsel for the Parties in writing that the material or thing contains Confidential or Highly Confidential Information.

7. Any party seeking to file or disclose materials designated as Confidential or Highly Confidential Information with the Court in this action must file such Confidential or Highly Confidential Information under seal in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

    (a) A Party wishing to file a document or deposition transcript containing Confidential or Highly Confidential Information with the Court must file a motion with the Court containing a statement of the earliest date on which the sealing order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the Court. If the filing Party is not the party that produced the Confidential or Highly Confidential Information to be filed, then the filing party need only include in such motion a

statement of the earliest date on which the sealing order may be lifted, with such date to be at least ten days from the date of the motion. If the Court grants all of the relief requested in the motion to seal, then the filing Party shall file the document or deposition transcript under seal.

8. Confidential or Highly Confidential Information shall not be used by a non-Producing Party for any purpose other than the defense or prosecution of this action and shall not be used, directly or indirectly, by any non-Producing Party for any business, commercial or competitive purpose whatsoever. Confidential or Highly Confidential Information shall not be discussed with, or disclosed to, any person except as specifically authorized by this Order. Neither Plaintiff, nor Plaintiff's counsel, shall use any Confidential or Highly Confidential Information in connection with any future litigation against Defendants or any parties related to Defendants.

9. Confidential Information shall be disclosed only to:

(a) the named Parties to this action and their officers, directors, and authorized agents deemed necessary by counsel for the prosecution or defense of this action;

(b) the attorneys for the Parties, including both outside and in-house counsel, and their staff;

(c) the Court and its staff in this action and in any appeal;

(d) the jury, if any;

(e) any mediators, arbitrators, or judicial referees and their staff used in connection with this action;

(f) court reporters used in connection with this action and their employees;

(g) consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the Parties or their counsel; provided, however,

that any such consultant, technical advisor, or expert witness is not currently an employee of, or advising or discussing employment with, or a consultant to, any Party to this litigation or any competitor or potential competitor of any Party;

      (h)    any anticipated witness in this action, except that such witness shall be shown Confidential Information only in preparation for or during his or her testimony and may not copy or retain such Confidential Information;

      (i)    any person indicated on the face of a document to be the author, addressee, or a recipient of the document;

      (j)    any other person or entity as to whom the Parties agree in writing; and

      (k)    any other person as to whom the Court orders.

10.    Highly Confidential Information shall be disclosed only to:

      (a)    the attorneys for the Parties, including both outside and in-house counsel, and their staff;

      (b)    the Court and its staff in this action and in any appeal;

      (c)    the jury, if any;

      (d)    any mediators, arbitrators, or judicial referees and their staff used in connection with this action;

      (e)    court reporters used in connection with this action and their employees;

      (f)    consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the Parties or their counsel; provided, however, that any such consultant, technical advisor, or expert witness is not currently an employee of, or advising or discussing employment with, or a consultant to, any Party to this litigation or any competitor or potential competitor of any Party;

(g) any anticipated witness in this action, except that such witness shall be shown Highly Confidential Information only in preparation for or during his or her testimony and may not copy or retain such Highly Confidential Information;

(h) any person indicated on the face of a document to be the author, addressee, or a recipient of the document;

(i) any other person or entity as to whom the Parties agree in writing; and

(j) any other person as to whom the Court orders.

11. Prior to the disclosure of Confidential or Highly Confidential Information by a non-Producing Party to any of the persons identified in Section 9 subsections (g) and (h) of this Order or Section 10 subsections (f) and (g), the Party making the disclosure shall first secure from those persons a signed statement in the form attached as Exhibit A to this Order by which the signatory expressly states that he or she has read and understands this Order and agrees to be bound by its terms and counsel shall be responsible for retaining the original, executed copy thereof.

12. To the extent that testimony is sought concerning Confidential or Highly Confidential Information during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential or Highly Confidential Information may not be disclosed to such person under the terms of this Order.

13. This Order shall be without prejudice to the right of the Parties or other persons to (i) bring before the Court at any time the question of whether any particular item of Discovery Material is properly designated as Confidential or Highly Confidential Information or (ii) present a motion to the Court for a separate protective order as to any particular item of Discovery

Material, including restrictions differing from those specified in this Order. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order.

14. A Party or other person objecting to the designation of Confidential or Highly Confidential Information shall provide written notice of the objection to the designating Party, specifying the materials that are the subject of the objection. The Parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. If such conference does not resolve the objection, within ten (10) days of such conference, the person objecting to the designation may apply to the Court, by motion, for a ruling that material designated by a Party as Confidential or Highly Confidential Information shall not be treated as Confidential. The Party that designated the material as Confidential or Highly Confidential Information shall be given notice of the motion and an opportunity to respond in accordance with the time frame set forth in the applicable rules of civil procedure. Pending determination by the Court, Discovery Material designated by a Party as Confidential or Highly Confidential Information shall be treated as confidential or highly confidential as provided in this Order. The Party who designated the Discovery Material as Confidential or Highly Confidential Information shall have the burden of showing that the Discovery Material was properly designated.

15. In the event of a disclosure of Confidential or Highly Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the Party responsible for having made such disclosure shall immediately procure the return of the Confidential or Highly Confidential Information, and inform counsel for the designating Party whose Confidential or Highly Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure.

7

The responsible Party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential or Highly Confidential Information occurs.

16. The inadvertent production of any Confidential or Highly Confidential Information, without the "Confidential Information" or "Highly Confidential Information" designation, shall be without prejudice to any claims that the information is confidential or highly confidential, and shall not constitute a waiver of its confidential or highly confidential nature. Upon demand of the Producing Party, all copies of any inadvertently produced undesignated information shall be designated as "confidential" or "highly confidential" and shall be subject to the terms of this Order. Upon receiving such demand, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential or Highly Confidential Information, and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential or Highly Confidential Information. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as Confidential or Highly Confidential shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material by any person not authorized to receive the Discovery material under the terms of this Order, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential or Highly Confidential when originally produced, (iii) to ensure that such Discovery Material is not further disclosed by the recipient except in accordance with the

terms of this Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 8 of this Order.

17. Disclosure (including production) of information that a Party or non-Party later claims should not have been disclosed because of a privilege, including (without limitation) the attorney-client privilege or attorney work product doctrine (collectively, "Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of privilege as to which the Producing or receiving Party would be entitled in the action. The receiving Party agrees to return, sequester or destroy any Privileged Information disclosed or produced by a Producing Party upon request. If the receiving Party wishes to challenge the privileged nature of purportedly Privileged Information, the receiving Party must make its application to the Court pursuant to the procedures set forth in Section 14 above within ten (10) days of the request by the Producing Party to return, sequester or destroy the purportedly Privileged Information. If the receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to the disposition of such information are received. The failure of any Party or non-Party to provide notice or instructions under this Section shall not constitute a waiver of, or estoppel as to, any claim of privilege as to which the Producing Party would be entitled in this action.

18. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection or any other objections any party may have regarding the production of information in this action.

19. If any person in possession of Confidential or Highly Confidential Information (the "Receiver") receives a subpoena or other compulsory process seeking the production or

other disclosure of Confidential or Highly Confidential Information produced or designated as "Confidential" or "Highly Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within five business days of receipt of such Demand (or if a response to the Demand is due in less than five business days, at least 48 hours prior to the deadline for a response to the Demand), identifying the Confidential or Highly Confidential Information sought and enclosing a copy of the Demand, and must object to the production of the Confidential or Highly Confidential Information on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential or Highly Confidential Information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential or Highly Confidential Information will not constitute a violation of this Order.

20.     A waiver by any Party of any provision of this Order for any purpose shall be strictly construed and shall not constitute, or be deemed to constitute, a waiver (a) of any other provision of this Order; (b) for any other purpose or (c) of any other right of such Party.

21.     Upon written request of the Producing Party and within thirty (30) days following the final disposition of all claims and defenses, by settlement or final judgment, including expiration of time to appeal, all Confidential or Highly Confidential Information must be destroyed or returned to the Producing Party, at the discretion of the Producing Party, except that attorneys for named parties may retain attorney work product, including briefs, communications

and transcripts. The provisions of this Order shall continue to be binding after the conclusion of this action.

22. Nothing in this Order shall prevent any Party from objecting to discovery that it believes is improper. The production of any Discovery Material under this Order shall not preclude any Party from objecting to the relevance, authenticity, use, or admissibility in evidence of any a document, testimony, or other evidence subject to this Order or preclude any Party from objecting to discovery that it believes to be otherwise improper.

23. This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose.

24. In the event additional Parties join or are joined to this litigation, they shall not have access to Confidential or Highly Confidential Information until the newly joined Party by its counsel has executed and filed with the Court its agreement to be bound by this Order.

25. The Parties shall confer prior to trial to discuss the procedures for the use of Confidential or Highly Confidential Information at trial.

26. Any litigation regarding this Order shall be conducted in the above-entitled Court.

27. This stipulation may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same document.

28. The terms of this Order shall be binding on the Parties and their counsel. If the Court does not enter the Order approving this Stipulation, then the Stipulation shall remain in effect and be enforceable among the Parties and their counsel as a contract.

SO STIPULATED.

DATED:  August 10, 2016

  /s/ Mitchell J. Matorin
Mitchell J. Matorin
MATORIN LAW OFFICE, LLC
18 Grove Street, Suite 5
Wellesley, MA 02482
Telephone:  (781) 453-0100

Joseph Levi
Michael H. Rosner
William J. Fields
 LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Telephone:  (212) 363-7500
Fax:  (212) 363-7171

Attorneys for Plaintiff Sharon Klein

  /s/ Eric D. Wolkoff

Eric D. Wolkoff
WILMER CUTLER PICKERING HALE AND
  DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Fax:  (212) 526-5000
eric.wolkoff@wilmerhale.com

Attorneys for Defendants

\* \* \*

**ORDER**

IT IS SO ORDERED.

DATED: 8-11-16.

/s/ Richard G. Stearns
JUDGE RICHARD G. STEARNS
UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHARON KLEIN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN SCIENCE AND ENGINEERING, INC., CHARLES P. DOUGHERTY, HAMILTON W. HELMER, DON R. KANIA, JOHN SANDERS, ROBERT N. SHADDOCK, MARK S. THOMPSON, and JENNIFER VOGEL,

    Defendants.

Case No. 16-11542

CLASS ACTION COMPLAINT

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I, _____, being duly sworn, state that:

1. My present residential address is _____

2. My present employer is _____, and the address of my present employer is _____

3. My present occupation or job description is _____

4. I have received and read the Stipulated Protective Order ("Order") in the action captioned above and I agree to abide by its terms. I understand that the Confidential or Highly Confidential Information or Discovery Materials disclosed to me are subject to various restrictions on use and disclosure, including the restriction that they are to be used solely for the

defense or prosecution of this action, and not for any business, commercial, competitive, or other purpose whatsoever.

5. I hereby submit to the jurisdiction of the United State District Court for the District of Massachusetts for the purpose of enforcing the terms of this agreement and the Order.

6. I will return all Confidential or Highly Confidential Discovery Materials that come into my possession, and all documents and things relating thereto, to the person from whom I obtained such materials, when requested to do so.

7. I understand that the promises, agreements, representations, and covenants made in this Agreement are for the benefit of <u>any</u> party or third party whose Confidential or Highly Confidential Information or Discovery Materials are furnished to me in reliance thereupon, and that any such party may have the right to seek legal or equitable remedies against me for breach of any of these promises, agreements, representations, or covenants.

Signed under penalty of perjury by:

_____
Name

_____
Date